# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL M. MONSON,        | 1:11-CV-01466 GSA HC |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
|   v. | [Doc. #11] |
| GARY SWARTHOUT, Warden, | ORDER GRANTING PETITIONER LEAVE TO WITHDRAW UNEXHAUSTED CLAIM |
|     Respondent. | THIRTY-DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction on August 27, 2009, of pimping a minor over age sixteen, resisting a police officer, hit-and-run driving,

---

[1] This information is derived from the petition for writ of habeas corpus, the attachments to the petition, Respondent's motion to dismiss the petition, and the documents lodged by Respondent with his motion.

and driving with a wanton disregard for human safety.  On September 25, 2009, Petitioner was sentenced to serve a determinate prison term of four years.

Petitioner thereafter appealed the conviction.  On January 27, 2011, the California Court of Appeal, Fifth Appellate District affirmed the conviction. (See Lodged Doc. No. 3.)  Petitioner then filed a petition for review with the California Supreme Court.  Review was summarily denied on April 13, 2011.  (See Lodged Doc. No. 4-5.)

On August 19, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court.  Petitioner raises the following three grounds for relief: 1) The trial court incorrectly relied on an improper aggravating factor - the minor's age - in support of imposing the middle term; 2) There was insufficient evident to support the pimping conviction because there was no evidence that the money Petitioner obtained from the minor was used for Petitioner's support; and 3) Petitioner received ineffective assistance of counsel for counsel's alleged failure to adequately examine the minor.

On November 9, 2011, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies.  Petitioner did not oppose the motion.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

> <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In addition, in order to fully exhaust a federal claim, the petitioner must properly raise the federal constitutional claim at every level of review, including the intermediate court of appeal. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) ("where the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons . . . [r]aising the claim in such a fashion does not . . . constitute fair presentation."); <u>Casey v. Moore</u>, 386 F.3d 896, 916-918 (9th Cir. 2004) (concluding that the petitioner did not fairly present his federal constitutional claims by raising them for the first and only time to the state's highest court on discretionary review).

In the instant petition before the Court, Petitioner raises three grounds for relief. Respondent contends that the ground of ineffective assistance of counsel is unexhausted because Petitioner did not present the federal basis of his claim at all levels of direct review. Specifically, he argues Petitioner only presented the federal basis to the California Supreme Court on discretionary review in a petition for review. The Court finds Respondent is correct. Since Petitioner did not fully exhaust all of his claims, the instant petition is a mixed petition.

Accordingly, Respondent's motion to dismiss will be granted. However, Petitioner will be granted leave to withdraw the unexhausted claim and proceed with the two exhausted claims in lieu of dismissal of the action. In the event Petitioner does not move to withdraw the unexhausted claim, the Court will dismiss the petition in order that Petitioner may return to state court to exhaust his

1  unexhausted claim.[2]

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) Petitioner is GRANTED thirty (30) days to file a motion to withdraw the unexhausted claim, or the petition will be dismissed.


IT IS SO ORDERED.

Dated:   **December 22, 2011**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is advised that there is a one-year statute of limitations for filing a federal habeas petition. However, given the California Supreme Court denied his petition for review on April 13, 2011, at this time there appears to be a substantial amount of time remaining in the limitations period.